# In the United States Bankruptcy Court for the Southern District of Georgia
## Augusta Division

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Adversary Proceeding |
| SPORTSMAN'S LINK, INC. | ) | |
| (Chapter 7 Case Number <u>07-10454</u>) | ) | Number <u>09-1058</u> |
| | ) | |
| *Debtor* | ) | |
| | ) | |
| | ) | **FILED** |
| | ) | Samuel L. Kay, Clerk |
| EDWARD J. COLEMAN, III, | ) | United States Bankruptcy Court |
| TRUSTEE | ) | Savannah, Georgia |
| | ) | By lbarnard at 11:59 am, Sep 29, 2011 |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SOUTHERN BANK | ) | |
| | ) | |
| *Defendant* | ) | |

## MEMORANDUM AND ORDER

Debtor filed Chapter 11 on March 13, 2007. That case was converted to a Chapter 7 proceeding on July 22, 2008. Edward J. Coleman ("Trustee") was appointed Chapter 7 Trustee and began an orderly liquidation of Debtor's estate. Acting pursuant to his fiduciary duty under 11 U.S.C. §§ 704(a)(1), 544(b) and 550, Trustee commenced litigation against numerous defendants seeking recovery of pre-petition transfers, alleging that these transfers were preferential or fraudulent under 11 U.S.C. §§ 547 and 548. The

AO 72A
(Rev. 8/82)

ultimate issue of these cases was whether Debtor was insolvent during the time the transfers were made. The burden was on Trustee to prove insolvency.

The above-captioned Adversary Proceeding against Defendant Southern Bank ("Defendant") has been the subject of extensive discovery and litigation which ultimately merited a trial on the issue of insolvency. After trial and post-trial briefing, this Court concluded that Trustee failed to meet his burden of proving insolvency.

This matter now remains before the Court on Defendant's Motion for Attorney's Fees and Expenses of Litigation ("Defendant's Motion"). A.P. 09-01058, Dckt. No. 73. Defendant's Motion requests that Trustee be sanctioned pursuant to Federal Rule of Civil Procedure 37(c)(2) for failing to admit that Debtor was not insolvent in response to Defendant's Requests for Admission. A hearing was held on Defendant's Motion on August 3, 2011. The Court has reviewed the arguments made by both parties, and based on the entire record, I make the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

On August 17, 2009, Trustee commenced the instant adversary proceeding to avoid and recover from Defendant certain fraudulent and preferential transfers. A.P. 09-01058, Dckt. No. 1. On October 22, 2009, Defendant served its Requests for Admission on Trustee seeking for Trustee to admit that Debtor was not insolvent within the statutory

2

meaning of that term at the time relevant to the Complaint, as specified in Requests numbered one (1) through three (3) as follows:

> 1) On March 13, 2007, Sportsman's [L]ink, Inc. was not insolvent, that is, the sum of its debts was not greater than the value of all of its property, at a fair valuation, exclusive of (1) property transferred, concealed, or removed with intent to hinder, delay, or defraud creditors; and (2) property that may be exempted from property of its bankruptcy estate under 11 U.S.C. § 522.
>
> 2) On the date of each transfer of which you complain in your complaint, Sportsman's Link, Inc. was not insolvent as defined above.
>
> 3) Sportsman's Link was not insolvent as defined above at any time during the two year period preceding March 13, 2007.

A.P. 09-01058, Dckt. No. 8. On October 27, 2009, Trustee responded to the Requests for Admission denying each request. A.P. 09-01058, Dckt. No. 9.

To further support his complaint and his response to Debtor's Requests for Admission, Trustee employed DeWayne E. Smoak ("Smoak") as an expert to determine whether Debtor was insolvent during the time relevant to the Complaint. Smoak is a Certified Public Accountant and Certified Valuation Analyst. Smoak's opinion was that based on fair value, Debtor was insolvent as early as December 2003 and remained insolvent all the way through the period when the transfers were made.

3

Defendant employed James S. Riggs ("Riggs"), a Certified Public Accountant, to make an expert determination as to whether Debtor was insolvent during the time relevant to the Complaint. Additionally, in a proceeding closely tied to this matter, Defendant Georgia Bank and Trust employed Stephen D. Farmer ("Farmer"), a Certified Public Accountant and Certified Valuation Analyst, to make an expert determination as to whether Debtor was insolvent during the time relevant to the Complaint. Both Riggs and Farmer determined that in their opinion, Debtor was solvent during the relevant time period.

On November 24, 2010, Defendant First Bank of Georgia filed a Motion in Limine which raised a Daubert[1] objection that sought to strike Smoak's testimony on the issue of insolvency. A.P. 09-01059, Dckt. No. 49. The Court denied this Motion to Strike on an interim basis, choosing to hear the evidence at trial. A.P. 09-01059, Dckt. No. 53. On February 17, 2011, a trial was held on the issue of Debtor's insolvency, and arguments from the Trustee and Defendants were heard by the Court (hereinafter the "Trial"). At Trial, Defendant First Bank of Georgia again raised its Daubert objection which sought to strike Smoak's testimony on insolvency, and the Court again denied the Motion to Strike on an interim basis. On May 24, 2011, this Court issued an Order stating that Debtor was solvent during the two year period before Debtor filed its bankruptcy petition and denying the

---

[1] Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592-93 (1993) (holding that for expert testimony to be admissible, "the trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." The Court went on to discuss specific factors used "in determining whether a theory or technique is scientific knowledge that will assist the trier of fact . . . ").

Daubert objection which sought to strike Smoak's testimony. A.P. 09-01058, Dckt. No. 71.

On June 7, 2011, Defendant's present motion was filed pursuant to Rule 37(c) and 54(d)(2), Federal Rules of Civil Procedure and Local Rule 54.2, contending that Trustee should have to pay Defendant's reasonable expenses, including attorney's fees, in defending the issue of insolvency on the ground that

> (a) The requests to admit were not objected to and were not objectionable;
>
> (b) The admissions sought were of substantial importance; and
>
> (c) Trustee did not have a reasonable ground to believe that it might prevail on the matter of its solvency at the relevant times.

A.P. 09-01058, Dckt. No. 73. Trustee filed his Brief in Opposition to Defendant's Motion on June 24, 2011, taking issue with Defendant's contention that Trustee did not have reasonable ground to believe Debtor was insolvent. A.P. 09-01058, Dckt. No. 74. On August 3, 2011, a hearing was held before this Court.

Defendant has emphasized that Debtor's balance sheet shows that it was solvent until sometime in 2007, and its schedules show that it was solvent until sometime as of the date of filing. Case No. 07-10454, Dckt. No. 40, Summary of Schedules, p. 3.

AO 72A (Rev. 8/82)

Trustee has not denied that strictly on the face of the balance sheet and schedules, Debtor was solvent. However, this Court held previously in this matter that while balance sheet numbers, according to GAAP, must be reported at the lower of cost or market value, the appropriate methodology for determining true solvency or insolvency is to adjust asset and liability values to a "fair valuation." A.P. 09-01058, Dckt. No. 71, p. 18. This is in line with guiding authority. *See, e.g.*, In re Taylor, 228 B.R. 491, 502 (Bankr. M.D. Ga. 1998). Trustee took the balance sheet numbers and attempted to adjust them to fair value after considering several factors: Trustee alleged that (1) Debtor drastically overstated the value of its inventory; (2) Debtor overstated the value of a receivable from Power Link; and (3) Debtor failed to list a large guaranty obligation as a liability on its schedules. A.P. 09-01058, Dckt. No. 62. Trustee contends that when considering these factors, he reasonably believed Debtor was insolvent and decided to pursue the transfer actions.

## CONCLUSIONS OF LAW

In its Motion, Defendant seeks sanctions against Trustee pursuant to Federal Rule of Civil Procedure 37(c)(2) for denying its requests to admit that Debtor was solvent. A.P. 09-01058, Dckt. No. 73. According to Rule 37(c)(2), a party may properly deny the items in requests for admissions–without fear of sanctions–as long as:

> (A) the request was held objectionable under Rule 36(a);
>
> (B) the admission sought was of no substantial importance;

> (C) *the party failing to admit had a reasonable ground to believe that it might prevail on the matter*, or
>
> (D) *there was other good reason for the failure to admit.*

Fed. R. Civ. P. 37(c)(2) (emphasis added). The purpose of Rule 37(c)(2) sanctions is to encourage parties to identify *undisputed* issues of fact. Mut. Serv. Ins. Co. v. Frit. Indus., 358 F.3d 1312, 1326 (11th Cir. 2004). Marchand v. Mercy Medical Ctr., 22 F.3d 933, 936 (9th Cir. 1994). The implicit message of Rule 37(c)(2) is that issues obviously subject to dispute should be resolved at trial, not in discovery. I conclude that Trustee should not be sanctioned for his failure to admit for the reasons provided below.

### A. TRUSTEE HAD GOOD REASON FOR HIS FAILURE TO ADMIT.

At the outset, Trustee should not be sanctioned because he had "good reason for [his] failure to admit" Defendant's Requests for Admission pursuant to Fed. R. Civ. P. 37(c)(2)(D). Defendant's requests sought admission of a legal conclusion that was not linked to specific facts. A failure to admit such deficient requests does not subject the responding party to sanctions. *See* OAO Alfa Bank v. Center for Public Integrity, No. 00-2208, 2006 U.S. Dist. LEXIS 29000, at 9 (D.D.C. May 12, 2006); *see also* Long v. Howard Univ., 561 F.Supp. 2d 85, 94 (D.D.C. 2008). Additionally, in determining whether "other good reason" exists for a party's failure to admit, it is appropriate to consider the good faith actions of the responding party. Long, 561 F.Supp. 2d at 94 (citing Harolds Stores, Inc. v. Dillard Dep't Stores, Inc., 82 F.3d 1533, 1555 (10th Cir. 1996)).

7

In *OAO Alfa Bank*, the defendants used broad and ambiguous language in their requests asking the plaintiffs to admit that they were "public figure[s] for purposes of the application of the law of defamation to this action." OAO Alfa Bank, 2006 U.S. Dist. LEXIS at 5. Although a party may seek an admission of "the application of law to fact" pursuant to Fed. R. Civ. P. 36(a), Rule 36 "does not authorize requests for admissions of law *without relating the legal conclusion to the facts of the case.*" Id. (emphasis added). The Court in *OAO Alfa Bank* explained that the requests at issue were not valid requests under Rule 36 because the requests did not "specify any 'facts of the case' other than a broad reference to 'this action.'" Id. at 6. The court held that these deficient requests for admission, coupled with plaintiffs' good faith belief in their denials, provided plaintiffs with "good reason" for their failure to admit. Id. at 9.

Similar to the defendants in *OAO Alfa Bank*, Defendant asks Trustee to admit to a legal conclusion (i.e. Debtor "was not insolvent") without identifying any underlying facts on which that admission would be based. Furthermore, there is no reason to doubt that Trustee in good faith believed Debtor was insolvent during the relevant time periods. Trustee identified multiple specific reasons for his belief that based on a fair valuation, Debtor was insolvent. Trustee also pursued similar fraudulent and preferential transfer actions against numerous other defendants based on his belief that Debtor was insolvent and hired an expert who testified that Debtor was insolvent. Therefore, considering

%AO 72A
(Rev. 8/82)

the deficiencies in the requests for admission and Trustee's good faith belief in his denials, the Court finds that Trustee had good reason for his failure to admit.

### B. DEFENDANT'S REQUESTS FOR ADMISSION ASKED TRUSTEE TO CONCEDE THE ESSENCE OF HIS CASE RATHER THAN AN UNDISPUTED FACT OR ASSERTION.

Defendant's Requests for Admission sought to secure an admission from Trustee regarding the ultimate issue of insolvency. Where a request for admission asks the responding party to concede the ultimate issue of its case, rather than merely an undisputed fact or assertion, the Court finds that the responding party is within its rights to refuse to admit such a request. At least one other court has concluded similarly. *See* U.S. v. Menominee Tribal Enterprises, No. 07-C-316, 2010 WL 2465505 (E.D. Wis. June 15, 2010) (refusing to award Rule 37(c)(2) sanctions where defendants couched their requests for admission in such language that plaintiff was not merely asked to admit to an undisputed fact, but to concede the essence of its case). Here, Trustee denied Defendant's requests to admit that Debtor was solvent. Because the issue of Debtor's solvency lay at the heart of Trustee's case, sanctions for denying these requests for admission would be inappropriate.

### C. TRUSTEE HAD A REASONABLE GROUND TO BELIEVE THAT HE MIGHT PREVAIL ON THE ISSUE OF INSOLVENCY.

Defendant notes in its Motion that "this Court has now, after trial, dismissed this proceeding on the ground that [Trustee] has not shown that [Debtor] was insolvent at any of the relevant times." A.P. 09-01058, Dckt. No. 73 at ¶ 3. The Eleventh Circuit has held

that the "true test under Rule 37(c) is not whether a party prevailed at trial but whether he acted reasonably in believing that he might prevail." Mut. Serv. Ins. Co., 358 F.3d at 1326 (quoting advisory committee notes on 1970 amendment to Fed. R. Civ. P. 37); *see also* Marchand, 22 F.3d at 937. The Court finds that Trustee acted reasonably in believing that he might prevail.

When Trustee denied Defendant's Requests for Admissions on October 27, 2009, discovery was not yet complete and experts had not yet been hired. Trustee subsequently hired an expert on business valuations, DeWayne Smoak, to form an opinion as to Debtor's solvency.[2] Smoak's expert opinion was that, based on an adjustment of book value to fair value, Debtor was insolvent. Under these circumstances, where Smoak, a licensed CPA and CVA, believed that Debtor was insolvent, Trustee's belief that he "might prevail" on the issue of insolvency was reasonable.

Indeed, despite my ruling against Trustee on the issue of Debtor's solvency, the question of the "fair value" of Debtor's assets was not a clear-cut or mechanical exercise. Sanctions are not warranted under Rule 37(c)(2) where a requested admission involves a difficult factual and legal conclusion. *See* U.S. v. Article of Drug, 428 F. Supp. 278, 281 (E.D. Tenn. 1976) (finding that a party failing to admit had a reasonable belief it would prevail where the request to admit involved complex issues of fact and law). Here,

---

[2] *See* 7 Moore's Federal Practice § 37.74[4] ("a court may look favorably on a party who acknowledges its lack of expertise, and who consults in good faith experts in the relevant field.").

determining the fair value of Debtor's assets required a thorough analysis of the books and records of the company and an assessment of the conflicting conclusions of qualified experts. It would be injudicious of me to conclude, after that exercise, that Trustee lacked a reasonable belief that he would prevail.

## CONCLUSION

Requests for Admissions exist in the discovery process in order to narrow the issues at trial where parties unambiguously agree. Sanctions should only be imposed where the answering party lacked a reasonable basis for refusing to admit. The Court accepts that parties may fundamentally disagree with one another's legal opinions. This Court exists to settle such disagreements and will not impose sanctions merely because a party failed to prove its case. The Court recognizes that this ruling imposes a burden on Defendant to bear costs and attorney's fees for a claim decided in its favor. However, the limitations of Rule 37(c) and the "American Rule" that each party in a legal dispute generally must bear its own attorney's fees dictate such an outcome here. *See* Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247 (1975).

## ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that Defendant's Motion for Attorney's Fees and Expenses of Litigation is DENIED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 28th day of September, 2011.